UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS SANCHEZ, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 3:15-CV-00343-D |
| | § | |
| NIELSEN COMPANY (US), LLC, | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S FIRST AMENDED  COMPLAINT AND JURY DEMAND

The plaintiff, Luis Sanchez, ["Plaintiff" or "Sanchez"], complains of Nielsen Company, LLC ["Defendant" or "Nielsen"], as follows:

## VENUE AND JURISDICTION

1. Sanchez is a citizen of the United States and a resident of the State of Texas.

2. Sanchez is a Manager for Nielsen and venue is proper because he has been subjected to unlawful employment practices committed in the State of Texas, Northern District, Dallas Division.

3. Nielsen is a leading global information and management company that is primarily involved in the business of providing insight and data regarding what people watch, listen to, and buy.

4. Nielsen is a Foreign Limited Liability Company Delaware corporation, conducting business in the Northern District at 220 West Way Place, Arlington, Texas 76018 and elsewhere and this action accrued in whole or in part in the Northern District.

5. Nielsen is registered to conduct business in the state of Texas as Nielsen Media Research, Inc.. Nielsen may be served with process by serving the registered agent for Nielsen Media Research Inc., in Texas: CT Corporation System, Suite 900, Dallas, Texas 75201.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

7. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended by the Civil Rights Act of 1991 [Title VII]. This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable relief available to secure the rights of Sanchez under Title VII. It is brought to prevent Nielsen from maintaining policies, practices, customs or usages of discriminating against Sanchez in regard to terms, conditions, and privileges of employment in violation of Title VII.

8. This is a suit authorized and instituted pursuant to the Family Medical Leave Act of 1993 ["FMLA"] 28 U.S.C. §1331 and 29 U.S.C. § 2601 *et. seq.* This is a proceeding for legal and equitable relief available to secure the rights of Sanchez under the FMLA.

9. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981. It is brought to prevent Nielsen from maintaining policies, practices, customs or usages of discriminating against Sanchez in regard to terms, conditions, and privileges of employment in violation of 42 U.S.C. § 1981.

10. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. §621, *et seq.* It is brought to prevent Nielsen from maintaining policies, practices, customs or usages of discriminating against Sanchez in regard to terms, conditions, and privileges of employment in violation of 29 U.S.C. §621.

11.     This matter in controversy exceed, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

**STATEMENT OF FACTS**

12.     Sanchez commenced employment at Nielsen in approximately June 2000 as a Membership Recruiter. In approximately 2007, Sanchez began working on Homescan, a new project for the company that required recruiting of Hispanic homes to use scanners to transmit data about daily purchases.

13.     In mid-2008, Sanchez took over the duties of a "Manager" at Nielsen, however, instead of being given this title he was referred to as "Interim Supervisor."  Before agreeing to take over the management functions, Sanchez expressed concern to Nielsen management that doing so would cause him to lose substantial amounts of overtime that he earned as a non-exempt employee. It was only based on repeated reassurances of Nielsen management that it would compensate him as a Manager that he agreed to move into the management role.

14.     Sanchez continued to work for many years as Interim Supervisor, under the supervision of Gabriel Oviedo ["Oviedo"], Director, without being given the salary, bonuses, raises and other incentives that he should have received with a Manager title, while being deprived of the overtime he earned as a nonexempt employee.  He was also excluded from manager's meetings, the Mentor program, award ceremonies, and incentive trips that Nielsen Managers in non-Hispanic samples were invited to.

15.     In October 2011, Sanchez viewed a company listing of persons at his same level and saw that he was the only person who had a "Supervisor" title, with all of the other persons having "Manager" titles.  He further learned that Managers were earning substantially more salary and had received greater merit increases, despite the fact his job performance met or

Plaintiff's First Amended Complaint and Jury Demand – Page 3

exceeded expectations and the fact he received repeated accolades from fellow Managers regarding his outstanding work on developing Homescan.

16. Sanchez remained in the Interim Supervisor role for more than seven years. Sanchez complained repeatedly about performing the role without commensurate pay or benefits to Oviedo and the Human Resources department, including Personnel Director Bob Burns. Sanchez further complained to Personnel Director Archana Ramesh that he believed the failure to promote him was discriminatory based on his national origin.

17. In or about January 2014 Sanchez was finally given a promotion to Manager and a pay increase. At the time of his promotion he was not accorded any retroactive payment for lost compensation and benefits.

18. In or around March 2014, Mark Abbacchi ["Abbacchi"], National People Meter Special Panels Leader, became Sanchez's supervisor.

19. On approximately April 1, 2014, Sanchez, along with employee Isaac Beraha, filed a complaint with the company's internal Ombudsman relating to discrimination on the basis of national origin against Homescan's Hispanic customers in failing to compensate them as agreed.

20. Under Abbacchi, the discrimination and retaliation against Sanchez continued. Abbacchi advised Sanchez that another Homescan Manager was being hired to take over half of the territory he had developed, and Sanchez received late bonus payments and bonus payments that were less than what they should have been.

21. In late May 2014, Sanchez took FMLA leave to have knee surgery. Sanchez was retaliated against for use of his FMLA leave, including in that Abbacchi deprived him of information necessary to perform his job; inaccurately informed Sanchez's employees about the

Plaintiff's First Amended Complaint and Jury Demand – Page 4

length of his leave; and allowed areas under Sanchez's supervision to severely decline during his leave, which will affect his compensation. Sanchez complained to Nielsen's Human Resources department regarding this conduct.

## TITLE VII CLAIM

22.     Sanchez incorporates herein all the factual allegations, *supra*.

23.     Sanchez is Hispanic and is a member of the protected race/national origin group [Hispanic] within the meaning of Title VII.

24.     At all times material to this action, Nielsen employed at least fifteen employees and is an employer within the meaning of Title VII.

25.     A.     Nielsen employs more than 100 employees;
        B.     Nielsen employs more than 200 employees;
        C.     Nielsen employs more than 500 employees.

26.     All conditions precedent to the filing of this suit have been met:

    A. On May 19, 2014, Sanchez filed a charge of discrimination, Charge No. 450-2014-02261, alleging national origin and retaliation discrimination;

    B. On February 9, 2015, Sanchez received a Notice of Right to Sue from the EEOC.

27.     Sanchez alleges that Nielsen, through its agents, supervisors, and/or employees, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges of employment, throughout his employment because of his race/national origin, and/or in retaliation for his opposition to discriminatory employment practices in violation of Title VII, including in: failing to promote him; paying him less compensation; paying him less bonuses and late bonuses; excluding him from company paid award trips and benefits; and depriving him of significant job responsibilities.

Plaintiff's First Amended Complaint and Jury Demand – Page 5

28.     Nielsen engaged in the conduct described above with malice or reckless indifference to the Title VII employment rights of its employees including Sanchez.

## ADEA

29.     Sanchez incorporates herein all the factual allegations, *supra*.

20.     Sanchez was born on April 15, 1960, and is fifty-four years old, and he is thus a member of the protected age group within the meaning of the ADEA.

31.     All conditions precedent to the filing of this suit have been met:

    A. On May 19, 2014, Sanchez filed a charge of discrimination, Charge No. 450-2014-02261, alleging age and retaliation discrimination;

    B. More than 60 days have passed since the filing of this charge;

    C. On February 9, 2015, Sanchez received a Notice of Right to Sue from the EEOC.

32.     At all times material to this action, Nielsen employed at least twenty employees and is an employer as that term is defined in the ADEA.

33.     Sanchez alleges that Nielsen, through its agents, supervisors, and/or employees, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges of employment, throughout his employment because of age, and/or in retaliation for his opposition to discriminatory employment practices in violation of the ADEA, including in: failing to promote him; paying him less compensation; paying him less bonuses and late bonuses; excluding him from company paid award trips and benefits; and depriving him of significant job responsibilities.

34.     Sanchez alleges that Nielsen's age discrimination conduct is willful under the ADEA.

## FMLA CLAIM

Plaintiff's First Amended Complaint and Jury Demand – Page 6

35.     Sanchez incorporates herein all the factual allegations, *supra*.

36.     Throughout Sanchez's employment Nielsen has employed at least fifty employees and was an employer as that term is defined in FMLA.

37.     At all times material herein, Nielsen was engaged in commerce or in the production of goods for commerce, or had employees engaged in commerce or in the production of goods for commerce.

38.     In May 2014, Sanchez took FMLA leave for knee surgery.  Sanchez submitted necessary documentation to Nielsen regarding a need for FMLA leave.  At the time Sanchez requested and took FMLA leave, he was an eligible employee, as that term is defined in the FMLA, because of a serious health condition, and was employed by Nielsen for more than twelve months, working more than 1,250 hours before FMLA leave was requested.

39.     Nielsen discriminated and/or retaliated against Sanchez for exercise of his FMLA rights, specifically his taking FMLA leave, and/or unlawfully interfered with Sanchez's right to take FMLA leave, in violation of the FMLA, 29 U.S.C. §2601, *et seq.*:

> A.     In or about May 2014, Sanchez submitted necessary documentation to Nielsen regarding a need for FMLA leave, and took such leave.  Through these actions, Sanchez took time off work, and requested time off in the future, to care for a serious health condition as that term is defined in 29 U.S.C. § 2611(11). Through these actions, pursuant to 29 C.F.R. § 825.303(b), Sanchez provided sufficient information to reasonably determine that FMLA leave applied to his request;

> B.     Following his taking of FMLA leave, Sanchez suffered adverse action including a change in the scope of his position by depriving him of significant job responsibilities and allowing his work area to decline in a manner that will affect his compensation; and in so doing Nielsen interfered with, restrained, or denied the exercise or attempted exercise of Sanchez's right to take FMLA leave; retaliated against Sanchez because Sanchez sought protection under the FMLA; and/or treated him less favorably than employees who had not taken FMLA leave, requested FMLA leave, and/or given notice of need to take leave;

      C.      Nielsen's conduct was in violation of 29 U.S.C. §2601, *et seq*., specifically, 29 U.S.C. §2615(a)(1), 29 U.S.C. § 2615(a)(2), and 29 U.S.C. § 2615(b).

## 42 U.S.C. § 1981 CLAIM

40.      Sanchez incorporates herein all the factual allegations, *supra*.

41.      Sanchez alleges that Nielsen discriminated against him in the making of a contract of employment, on the same terms it offered to non-Hispanic employees and/or employees that did not protest discrimination. Such refusal was undertaken for the purpose of interfering with and avoiding the rights of Sanchez and the contractual obligations of Nielsen in violation of 42 U.S.C. § 1981.

42.      Nielsen's actions in discriminating and retaliating against Sanchez, including in failing to promote him, paying him less compensation, paying him less bonuses and late bonuses, excluding him from company paid award trips and benefits, and depriving him of significant job responsibilities, were intentional acts of racial discrimination in violation of 42 U.S.C. § 1981.

43.      Nielsen's actions were undertaken for the specific purpose of interfering with and avoiding the contractual obligations of Nielsen and the contractual rights of Sanchez, in violation of 42 U.S.C. § 1981.

44.      Sanchez has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, including compensatory and punitive damages, declaratory relief and injunctive relief provided for under Title VII, ADEA, FMLA, and 42 U.S.C. § 1981. Further, Sanchez is now suffering and will continue to suffer irreparable injury from Nielsen's policies, practices, customs, and usages, set forth herein.

## QUANTUM MERUIT CLAIM

45.      Sanchez incorporates herein all the factual allegations, *supra*.

46.     Sanchez furnished valuable services to Nielsen through performance of job duties as an Interim Supervisor.

47.     Nielsen accepted and used the valuable services of Sanchez, including but not limited to, having him perform all job duties and responsibilities of employees who were designated Managers at Nielsen.

48.     From on or about mid 2008 until on or about January 2014, Sanchez notified Nielsen in performing the services as Interim Supervisor that he was expecting to receive increased compensation and benefits associated with a Manager title, and he was repeatedly assured he would receive them.  However, Nielsen failed to notify Sanchez that he would be given a Manager title until in or around January 2014.

## **RELIEF REQUESTED**

49.     Sanchez requests that this Court grant him the following relief from Nielsen:

A.      A declaratory judgment against Nielsen, declaring Nielsen's past practices herein complained of to be unlawful under Title VII, the FMLA, the ADEA and 42 U.S.C. § 1981;

B.      A permanent injunction, enjoining Nielsen from continuing to discriminate against Sanchez on account of age or race/national origin discrimination and/or opposition to discriminatory employment practices, in violation of Title VII, the ADEA and 42 U.S.C. § 1981;

C.      A permanent injunction, enjoining Nielsen from continuing to discriminate against Sanchez due to serious medical condition, and/or his opposition to the discriminatory employment practices, in violation of the FMLA;

D.      Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Sanchez  for his damages for Title VII, FMLA, ADEA and 42 U.S.C. § 1981 claims;

E.      Liquidated damages for Nielsen's willful violation of the ADEA and FMLA;

F.      Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Sanchez's Title VII claims to the maximum amount prescribed by law;

G.      Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Sanchez's 42 U.S.C.§ 1981 claim;

H.      Compensation for the reasonable value of work performed for his quantum meruit claim;

I.      Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision and advisement to all Hispanic employees of Nielsen of such grievance and non-retaliation provisions;

J.      Attorney fees from Nielsen for the prosecution of his Title VII, FMLA, ADEA and 42 U.S.C. § 1981 claims;

K.      Costs for the prosecution of the Title VII, FMLA, ADEA, 42 U.S.C. § 1981 claims, and quantum meruit claim;

L.      Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

M.      Such other general relief to which Sanchez is justly entitled.

## JURY DEMAND

50.    Sanchez demands a jury on all Title VII, FMLA, ADEA and 42 U.S.C. § 1981 claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Plaintiff's First Amended Complaint and Jury Demand – Page 10

Respectfully Submitted,


/s/ Jane Legler Byrne_____
Christine Neill
Texas Bar No. 00796793
Jane Legler Byrne
Texas Bar No. 03565820
Neill & Byrne, PLLC
2214 Main Street 75201
(214) 748-7777
(214) 748-7778 (facsimiles)
cneill@neillbyrnelaw.com
jleglerbyrne@neillbyrnelaw.com
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2015, a true and correct copy of the foregoing was served via ECF on counsel for Defendant:


Steve McCown, Esq.
Lindsey D. Sberna, Esq.
Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201.2931


/s/ Jane Legler Byrne
_____

Jane Legler Byrne