IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS SANCHEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-CV-00343-D |
| | § | |
| NIELSEN COMPANY (US), LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

DEFENDANT NIELSEN COMPANY (US), LLC ("Nielsen" or "Defendant"),[1] files this

its First Amended Answer and Affirmative Defenses to Plaintiff Luis Sanchez's ("Sanchez" or

"Plaintiff") First Amended Complaint and Jury Demand ("Complaint").

**ANSWER**

**A.     VENUE AND JURISDICTION**

1.      Defendant admits the allegations in Paragraph 1 of the Complaint.

2.      With regard to Paragraph 2 of the Complaint, Defendant admits that Plaintiff is

employed by Nielsen at a location within the Northern District of Texas, Dallas Division, but

denies any allegations or inference of unlawful employment practices.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      With regard to Paragraph 4 of the Complaint, Defendant admits that Nielsen is a

Foreign Limited Liability Company incorporated in Delaware, with a facility at 220 Westway

---

[1] The correct legal name of Plaintiff's employer is The Nielsen Company (US), LLC.

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND JURY DEMAND – Page 1**

Place, Arlington, Texas 76108, but denies any allegations or inference of unlawful employment practices.

5.      Defendant denies the allegations in the first sentence of Paragraph 5 of the Complaint, and further states that Plaintiff's employer is The Nielsen Company (US), LLC, as Nielsen Media Research, Inc. is no longer an existing entity.  With regard to the second sentence of Paragraph 5 of the Complaint, Defendant admits that CT Corporation was the registered agent for Nielsen Media Research, Inc., but further states that it is not the registered agent for The Nielsen Company (US), LLC.

6.      With regard to Paragraph 6 of the Complaint, admits that this Court has jurisdiction inasmuch as Plaintiff has asserted causes of action over which this Court has jurisdiction.  However, Defendant denies any allegation or inference in Paragraph 6 of unlawful employment practices.

7.      With regard to Paragraph 7 of the Complaint, Defendant admits that Plaintiff has brought suit pursuant to Title VII in which he has requested compensatory and punitive damages, as well as injunctive relief.  However, Defendant denies any allegation or inference in Paragraph 7 of unlawful employment practices and denies any and all other allegations in this Paragraph.

8.      With regard to Paragraph 8 of the Complaint, Defendant admits that Plaintiff has brought suit pursuant to the FMLA in which he has requested legal and equitable relief. However, Defendant denies any allegation or inference in Paragraph 8 of unlawful employment practices and denies any and all other allegations in this Paragraph.

9.      With regard to Paragraph 9 of the Complaint, Defendant admits that Plaintiff has brought suit pursuant to 42 U.S.C. § 1981.  However, Defendant denies any allegation or

inference in Paragraph 9 of unlawful employment practices and denies any and all other allegations in this Paragraph.

10.    With regard to Paragraph 10 of the Complaint, Defendant admits that Plaintiff has brought suit pursuant to the ADEA.  However, Defendant denies any allegation or inference in Paragraph 10 of unlawful employment practices and denies any and all other allegations in this Paragraph.

11.    With regard to Paragraph 11 of the Complaint, Defendant admits that Plaintiff seeks an amount that exceeds the minimum jurisdictional level of this Court, but denies that Plaintiff is entitled to any such relief.  Defendant also denies and allegation or inference in Paragraph 11 of unlawful employment practices, and denies any and all other allegations in this Paragraph.

B.    STATEMENT OF FACTS

12.    With regard to the first sentence of Paragraph 12 of the Complaint, Defendant admits that Sanchez began his employment with Nielsen as a Membership Representative in 2000, but in July rather than June.  Defendant admits the allegations in the second sentence of Paragraph 12 of the Complaint.

13.    With regard to the first sentence of Paragraph 13 of the Complaint, Defendant admits that Sanchez was an interim supervisor, but denies any and all remaining allegations in this sentence.  Defendant denies the allegations in the second and third sentences of Paragraph 13 of the Complaint.

14.    With regard to the first sentence of Paragraph 14 of the Complaint, Defendant admits that Sanchez worked as an interim supervisor for several years under the supervision of

Gabriel Ovideo, but denies any and all remaining allegations in this sentence. Defendant denies the allegations in the second sentence of Paragraph 14 of the Complaint.

15.    With regard to the first sentence of Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff viewed a "company listing" and what he saw on the alleged listing, and therefore denies same. Respondent denies any and all other allegations in the first sentence of Paragraph 15 of the Complaint.  With regard to the second sentence of Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to admit or deny what Plaintiff allegedly learned, and therefore denies same.  Defendant admits that Plaintiff's job performance met expectations to continue his employment, but denies any and all other allegations in the second sentence of Paragraph 15 of the Complaint.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    With regard to the first sentence of Paragraph 17 of the Complaint, Defendant admits that Plaintiff was promoted to Membership Sales Manager of the Hispanic Panel Membership Representatives at the end of 2013, but denies any allegation or inference in this sentence of unlawful employment practices, and denies any and all remaining claims in this sentence. Defendant denies the allegations in the second sentence of Paragraph 17 of the Complaint.

18.    Defendant admits the allegations in Paragraph 18 of the Complaint.

19.    With regard to Paragraph 19 of the Complaint, Defendant admits that Plaintiff and Isaac Beraha filed a complaint with the company's internal Ombudsman alleging certain issues regarding how the families in the Homescan program were treated, but denies any allegation or inference in this sentence of unlawful employment practices on the part of Defendant.

20.     Defendant denies the allegations in the first sentence of Paragraph 20 of the Complaint.   With regard to the second sentence of Paragraph 20, Defendant admits that Abbacchi discussed adding another manager to the Homescan team, but denies any other allegations in the second sentence of Paragraph 20.

21.     Defendant admits the allegations in the first sentence of Paragraph 21 of the Complaint.   Defendant denies the allegations in the second sentence of Paragraph 21 of the Complaint.   With regard to the third sentence of Paragraph 21 of the Complaint, Defendant admits only that Plaintiff complained to Human Resources, but denies any allegation or inference of unlawful employment practices in this sentence.

## C.     TITLE VII CLAIM

22.     With regard to Paragraph 22 of the Complaint, Defendant refers to its responses to Paragraphs 12-21 of this Answer.

23.     Defendant admits the allegations in Paragraph 23 of the Complaint.

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     With regard to Paragraph 26 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination on May 19, 2014 alleging national origin discrimination and retaliation, but notes that Plaintiff did not allege race discrimination. Defendant admits the allegations in Section B of Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

**D.    ADEA**

29.    With regard to Paragraph 29 of the Complaint, Defendant refers to its responses to Paragraphs 12-21 of this Answer.

30.    Defendant admits the allegations in Paragraph 30 [mis-numbered as Paragraph 20] of the Complaint.

31.    Defendant admits the allegations in Paragraph 31 of the Complaint.

32.    Defendant admits the allegations in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

34.    Defendant denies the allegations in Paragraph 34 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

**E.    FMLA CLAIM**

35.    With regard to Paragraph 35 of the Complaint, Defendant refers to its responses to Paragraphs 12-21 of this Answer.

36.    Defendant admits the allegations in Paragraph 36 of the Complaint.

37.    Defendant admits the allegations in Paragraph 37 of the Complaint.

38.    Defendant admits the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in the first sentence of Paragraph 39 of the Complaint.  Defendant admits the allegations in Section A of Paragraph 39 of the Complaint. Defendant denies the allegations in Sections B of Paragraph 39 of the Complaint, and further denies any allegation or inference of unlawful employment practices.  Defendant denies the

allegations in Sections C of Paragraph 39 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

**F.      42 U.S.C. § 1981 CLAIM**

40.      With regard to Paragraph 40 of the Complaint, Defendant refers to its responses to Paragraphs 12-21 of this Answer.

41.      Defendant denies the allegations in Paragraph 41 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

42.      Defendant denies the allegations in Paragraph 42 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

43.      Defendant denies the allegations in Paragraph 43 of the Complaint, and further denies any allegation or inference of unlawful employment practices.

44.      With regard to the first sentence of Paragraph 44 of the Complaint, Defendant acknowledges that Plaintiff seeks the stated damages and relief, but denies that claimant is entitled to any such damages and/or relief.  Defendant denies the allegations in the second sentence of Paragraph 44 of the Complaint.

**G.      QUANTUM MERUIT CLAIM**

45.      With regard to Paragraph 45 of the Complaint, Defendant refers to its responses to Paragraphs 12-21 of this Answer.

46.      Defendant admits the allegations in Paragraph 46 of the Complaint.

47.      Defendant denies the allegations in Paragraph 47 of the Complaint, and denies any allegation or inference of wrongful employment practices.

48.      With regard to Paragraph 48 of the Complaint, Defendant admits that Plaintiff became a Membership Sales Manager of the Hispanic Panel Membership in late 2013, but denies

any and all other allegations in this Paragraph, and  further denies any allegation or inference of unlawful employment practices.

**H.    RELIEF REQUESTED**

49.    Defendant acknowledges that Plaintiff seeks the relief requested in Paragraph 49 of the Complaint, Sections A-M, but denies that Plaintiff is entitled to any such relief. Defendant further denies any allegation or inference of unlawful employment practices in Paragraph 49. With regard to Section I, Defendant asserts that there is nothing within the law that allows such affirmative relief.

**I.    JURY DEMAND**

50.    With regard to Paragraph 50 of the Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury, but denies that this action is properly brought or that Plaintiff is entitled to any relief.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

1.    Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant had legitimate business reasons for any material employment decisions challenged by Plaintiff in his Complaint.

2.    Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

3.    Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff has failed to exhaust his administrative remedies as to some or all of his claims.

4.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant denies that Plaintiff was subject to any discriminatory treatment based on his national origin.

5.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant denies that Plaintiff was subject to any discriminatory treatment based on his race.

6.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant denies that Plaintiff was subject to any discriminatory treatment based on his age.

7.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant denies that Plaintiff was subject to any discriminatory treatment based on his taking of leave under the FMLA.

8.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant denies that Plaintiff was subject to any retaliation based on any complaints or other protected activity.

9.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it would have taken the same action regardless of Plaintiff's national origin.

10.  Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it would have taken the same action regardless of Plaintiff's race.

11.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it would have taken the same action regardless of Plaintiff's age.

12.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it would have taken the same action regardless of Plaintiff's taking of leave under the FMLA.

13.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it would have taken the same action regardless of Plaintiff allegedly making complaints or engaging in other protected activity.

14.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that Plaintiff's alleged losses and damages, if any, are the result of, and directly relate to, his own conduct, actions and/or failure to act, and not Defendant's conduct, actions, or failure to act.

15.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant cannot be held liable for punitive damages because it has adopted policies and procedures to prevent discrimination in the workplace and has at all times made a good faith effort to comply with its policies and procedures and all other state and federal anti-discrimination statutes.  If any alleged action was taken by an individual manager or supervisor that was contrary to this effort, such alleged action was in violation of Defendant's policies and procedures.

16.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant would show that its actions were not taken with either malice or reckless indifference to the protected rights of Plaintiff.

17.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, none of Defendant's actions or inactions were undertaken with the purpose of interfering with or avoiding any alleged contractual obligations to Plaintiff.

18.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that it did not accept and use any services of Plaintiff without properly compensating him for same.

19.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant asserts that Plaintiff's claims for damages are restricted and limited by all applicable damage caps under the law.

20.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant further pleads that Plaintiff's recovery of damages is limited by the after-acquired evidence doctrine.

21.     Defendant reserves the right to assert additional defenses as established by the facts of this case.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully submits this its First Amended Answer and Affirmative Defenses and prays that Plaintiff take nothing by his suit, that Defendant be allowed to recover the costs which have been incurred by reason of the charges and allegations against it by Plaintiff, and that the Court grant Defendant such other and further

relief, both at law and equity, both general and specific, to which Defendant may show itself justly entitled.

Dated May 19, 2015                              Respectfully submitted,


                                               */s/ Lindsey D. Sberna*
                                               Steven R. McCown
                                               Texas State Bar No. 13466500
                                               smccown@littler.com
                                               Lindsey D. Sberna
                                               Texas State Bar No. 24055434
                                               lsberna@littler.com

                                               LITTLER MENDELSON, P.C.
                                               A Professional Corporation
                                               2001 Ross Avenue
                                               Suite 1500, Lock Box 116
                                               Dallas, TX  75201.2931
                                               214.880.8100
                                               214.880.0181 (Fax)


                                               ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

On the 19th day of May, 2015, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, Dallas Division, using the Electronic Case Files system of the Court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                               */s/ Lindsey D. Sberna*
                                               Lindsey D. Sberna


Firmwide:133415633.1 048626.1017


**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT AND JURY DEMAND – Page 12**